UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE a/k/a J.O.
and JOHN DOE 2-3

      Plaintiffs,

v.                                                                                        CASE NO. 8:21-cv-225-T-210CPT

CIGNA CORP.; CIGNA LIFE
INSURANCE COMPANY OF
NEW YORK; LIFE INSURANCE
COMPANY OF NORTH AMERICA;
SANDATA TECHNOLOGIES
PREMIUM PLAN 503; SANDATA
TECHNOLOGIES LLC; DOE
COMPANY; DOE CORP.; JANE
AND JOHN DOE 1-5,

      Defendants.
_____/

VERIFIED COMPLAINT, AND REQUEST FOR PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF, AND REQUEST FOR JURY TRIAL

      1.      Plaintiff, John Doe a/k/a J.O. (J.O.) is a domiciled Hillsborough County, Florida resident. Through employment as Medicare-Medicaid Subject Matter Expert – Customer Care Representative at Sandata

Technologies LLC enrolled in a Plan insured by Cigna Life Insurance Company of New York.

2. Cigna Life Insurance Company of New York (CLINY) is insurer and claims administrator for Policy VDY-960047. CLIFNY's offices are located at 140 East 45th Street, New York, NY 10017-3144.

3. CLINY and Life Insurance Company of North America (LINA) are business units of Cigna Corp. (Cigna).

4. Sandata Technologies LLC (Sandata) is listed by CLINY as Plan Administrator and agent for service of legal process for Sandata Premium Plan 503 (the Plan). Sandata and the Plan offices are located at 26 Harbor Park Drive Port Washington, NY 11050.

5. In accord with the Plan's procedures, J.O. submitted by pre-paid mail a claim in proper form with all relevant claim documents; however, J.O. submitted a substitute disclosure authorization form instead of signing Cigna's form containing overly broad language, including with respect to HIV/AIDS records.

6. Thereafter, J.O. was notified that the paper form had been converted to an electronic form with documents presented for signature still containing overly broad language about HIV/AIDS records.

7. Despite express written request for protection of HIV/AIDS records provided by law, CLINY disclosed J.O.'s HIV/AIDS records to, among others, Advantage 2000 Consultants (A2k).

8. Thereafter, J.O. received phone calls and letters from A2k, advising that failure to cooperate and sign pre-filled forms would result in denial of claim. In accord with the Plan rules J.O. promptly contacted CLINY and Sandata.

9. CLINY and Cigna's Privacy Officer initially denied any violation of law. The Plan was advised of Federal Court (District of Kansas) ruling, ordering in par, A2k is not an agent; the same published order also indicated in separate numbered paragraphs that Cigna is very aggressive with business practices and forms, including calling insured to advise that his claim would be denied, so he signed the form.

10. After adverse determination, Mary Clark, Cigna's Privacy Officer wrote again to reverse an earlier decision and advised that CLINY Claim Manager Ryan Kelley of Cigna's Pittsburgh, PA Claims Office had, in fact, disclosed Doe's HIV/AIDS information, was counseled and received additional training. CLINY advised that Mr. Kelley would remain point of contact to submit request for review and record requests.

11. Thereafter and with reservation of privileges and rights, administrative appeals were submitted on J.O.'s behalf, including by a Florida attorney admitted to practice in New York. It is J.O.'s understanding decision pending after CLINY submitted claim to an infectious disease specialist for paper review, then to a specialty J.O. had never consulted nor ever been advised by multidisciplinary team, including some providing care for more than 25 years, to consult.

12. During the relevant period, Cigna Corp. entities have been fully advised about Florida's HIV/AIDS independent legal duties, including in legal proceedings in this Court. <u>Doe v. Jasper & Connecticut General Life Insurance Co.</u>, 2017 U.S. Dist. LEXIS 158808 (M.D. Fla., Sept. 27, 2017).

13. Public records indicate that Cigna Corp. entities continue to challenge the Order of this Court issued on September 27, 2017.

14. Cigna's corporate practices about HIV/AIDS have caused damages.

15. CLINY's practices and procedures are improper and retaliatory and have caused damages.

16. Cigna's policies are harmful to the public for reasons including that the State of Florida remains an epicenter of the current U.S. HIV

Epidemic.

17. This Court has subject matter jurisdiction over the Employee Retirement Income Security Act (ERISA) claims under 29 U.S.C.§ 1132 and over all other non-ERISA claims asserted in this action under 28 U.S.C. § 1367.

18. The non-ERISA claims asserted in this action:  Breach of Fiduciary Duty, Invasion of Privacy, Negligence Per Se, Negligence, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress.

19. The Omnibus AIDS Act of 1988, Section 381.004, Florida Statutes, has required "special handling" and provided unambiguous patient privacy protections for more than 30 years.

I declare under penalty of perjury that the foregoing is true and correct.  Doe v. Jasper & Connecticut General Life Insurance Co., 2017 U.S. Dist. LEXIS 158808 (M.D. Fla., Sept. 27, 2017Executed on January 29, 2021

/s John Doe

John Doe

WHEREFORE, Plaintiffs prays:

1. For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants from engaging in the policies, practices and conduct complained of herein;

2. For a declaratory judgment that Defendants' policies, practices and conduct as alleged herein violate Plaintiffs' rights;

3. For damages in an amount to be determined according to proof.

4. For costs of suit and fees as provided by law;

5. For such other relief as the Court deems just and proper.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation

or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated this 29th day of January, 2021.

*/s John Doe*

By: John Doe

John Doe
c/o Douglas B. Stalley, Fiduciary
16637 Fishhawk Blvd, Suite 106
Lithia, FL 33547
Bus. Phone (813) 684-9800
Email for J Doe:
hivaidsinf@gmail.com